**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| TEXAS MEDICAL TECHNOLOGY INC. f/k/a TEXAS MEDICAL CENTER SUPPLY LLC, | § § § § § § § § § § § § § § § § | Case No. 4:23-cv-01537 |
| Plaintiff, | | |
| v. | | |
| BERRY GLOBAL INC.; BONLAM, S.A. de C.V.; TEXTILES SHAMEN TEXAS LLC; TEXTILES SHAMEN, S.A. de C.V.; SHLOMO MIZRAHI; and ELIRAN SEGEL, | | |
| Defendants | | |

**BERRY AND BONLAM'S ANSWER TO PLAINTIFF'S**
**FIRST AMENDED COMPLAINT**

1

Defendants Berry Global, Inc. ("Berry") and Bonlam, S.A. de C.V. ("Bonlam") jointly file this Answer to Plaintiff's First Amended Complaint (ECF No. 31, the "Complaint"). Hereinafter, "Defendants" refers to Berry and Bonlam collectively.

## Responses to Plaintiffs' Allegations

1. Denied.

2. Admitted.

3. Denied.

4. Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 4 of the Complaint.

5. Admitted.

6. Defendants admit that Bonlam is a Mexican company and a subsidiary of Berry but deny that Bonlam does business in Harris County, Texas.

7. Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 7 of the Complaint.

8. Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 8 of the Complaint.

9. Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 9 of the Complaint.

10. Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 10 of the Complaint.

11. Denied.

12. Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 12 of the Complaint.

13. Defendants admit that the DLA manages procurement for the U.S. armed forces. Defendants are without knowledge sufficient to admit or deny the remaining allegations in Paragraph 13 of the Complaint but are aware from public information of the existence of a contract between the DLA and At Ease Sustainment, LLC, with the contract number SPE1CI-21-D-1421.

14. Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 14 of the Complaint.

15. Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 15 of the Complaint.

16. Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 16 of the Complaint but are aware of the purported TS Supply Contract, which document contains the quoted language. Defendants deny that TMT reasonably relied on any representations in the purported TS Supply Contract.

17. Denied.

18. Denied.

19. Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 19 of the Complaint.

20. Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 20 of the Complaint.

21. Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 21 of the Complaint.

22. Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 22 of the Complaint.

23. Defendants are without knowledge sufficient to admit or deny the allegations in

Paragraph 23 of the Complaint but are aware from public information of a notice sent by the DLA to At Ease Sustainment LLC of a termination for cause of a contract numbered SPE1CI-21-D-1421, which states that the contract was terminated for cause on that date due to a failure to "cure all issues listed in the Government's cure notice dated April 29, 2021." Those issues are described as related to the seams of the gowns (not the fabric) and the gowns' biocompatibility.

24. Defendants admit that the FDA's website contains some of the quoted language but deny that Paragraph 24 of the Complaint is an accurate quotation.

25. Defendants admit that the cited source contains some of the quoted language but deny that Paragraph 25 of the Complaint is an accurate quotation.

26. Denied.

27. Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 27 of the Complaint but are aware from public information of a notice sent by the DLA to At Ease Sustainment LLC of a termination for cause of a contract numbered SPE1CI-21-D-1421, which states that the contract was terminated for cause on that date due to a failure to "cure all issues listed in the Government's cure notice dated April 29, 2021." Those issues are described as related to the seams of the gowns (not the fabric) and the gowns' biocompatibility.

28. Defendants admit that Bonlam personnel participated in a call that included Dimitri Menin and Omri Shafran of TMT. The remainder of the allegations Paragraph 28 of the Complaint are denied.

29. Denied

30. Defendants deny that either of them supplied "defective" fabric. Defendants are without knowledge sufficient to admit or deny the remainder of the allegations in Paragraph 30 of the Complaint.

31. Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 31 of the Complaint.

32. Defendants deny that either of them supplied "defective" fabric. Defendants are without knowledge sufficient to admit or deny the remainder of the allegations in Paragraph 32 of the Complaint.

33. Denied as to Defendants. Defendants are otherwise without knowledge sufficient to admit or deny the remainder of the allegations in Paragraph 33 of the Complaint.

34. Defendants deny that they caused TMT to incur damages, but otherwise admit the allegation in Paragraph 34 of the Complaint.

35. This claim against Defendants has been dismissed with prejudice.

36. This claim against Defendants has been dismissed with prejudice.

37. This claim against Defendants has been dismissed with prejudice.

38. This claim against Defendants has been dismissed with prejudice.

39. This claim against Defendants has been dismissed with prejudice.

40. This claim against Defendants has been dismissed with prejudice.

41. This allegation is not levied against Defendants.

42. This allegation is not levied against Defendants.

43. This allegation is not levied against Defendants.

44. This allegation is not levied against Defendants.

45. This allegation is not levied against Defendants.

46. This allegation is not levied against Defendants.

47. Defendants incorporate their above statements as if set forth here.

48. Denied.

49. Denied.

50. Denied.

51. Defendants admit that TMT notified them of the alleged issues but deny that TMT suffered injury as a result of Defendants' actions.

52. Denied.

53. This allegation is not levied against Defendants.

54. This allegation is not levied against Defendants.

55. This allegation is not levied against Defendants.

56. This allegation is not levied against Defendants.

57. This allegation is not levied against Defendants.

58. This allegation is not levied against Defendants.

59. Defendants incorporate their above statements as if set forth here.

60. To the extent necessary, Defendants deny that TMT is entitled to any of the relief TMT requests from Defendants.

61. Denied.

62. This allegation includes insufficient detail for Defendants to admit or deny it.

## **Defenses**

Defendants plead the following affirmative and other defenses but do not assume the burden of proof on any such defenses that would otherwise rest with Plaintiff. Defendants do not, in asserting any defense, admit liability, but to the contrary specifically and generally deny all allegations of liability in the Complaint. Defendants assert the following defenses:

1. Plaintiff's claim against Defendants fails because Plaintiff alleges the claim under the laws of the state of Texas, and those laws do not apply to the alleged conduct; Defendants'

alleged conduct is governed by the laws of Mexico, under which Plaintiff has no claim against Defendants.

2. Plaintiff fails to state a claim upon which relief can be granted because, among other reasons, Defendant did not sell fabric to Textiles Shamen.

3. Defendants effectively and in writing disclaimed, waived, and excluded the alleged implied warranties in connection with the sale of the fabric at issue.

4. Plaintiff's claims against Berry are barred by the doctrines of waiver, ratification, and estoppel because, among other reasons, Plaintiff accepted the products at issue with knowledge of their quality and characteristics and with knowledge of the results of testing on those products.

5. Defendants are not liable to Plaintiff because Plaintiff's own acts or omissions caused or contributed to the alleged injury.

6. On information and belief, Plaintiff failed to mitigate the damages it alleges, whether by selling the gowns at issue to an alternative buyer, by enlisting an alternative fabricator, or otherwise.

Dated: May 20, 2024                                        Respectfully submitted,

/s/ Brice A. Wilkinson

**GIBBS & BRUNS LLP**
Brice A. Wilkinson
State Bar No. 24075281
Federal ID No. 1277347
Mark A. Giugliano
Texas Bar No. 24012702
Federal ID No. 29171
mgiugliano@gibbsbruns.com
Jorge M. Gutierrez
Texas Bar No. 24106037
Federal ID No. 3157999
jgutierrez@gibbsbruns.com

Michael R. Davis
Texas Bar No. 24109793
Federal ID No. 3588027
mdavis@gibbsbruns.com
1100 Louisiana, Suite 5300
Houston, Texas 77002
Tel.: (713) 751-5258
Fax: (713) 750-0903

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
Adam W. Green
Texas Bar No. 24027191
agreen@bakerdonelson.com
Katriel C. Statman
State Bar No. 24093197
kstatman@bakerdonelson.com
1301 McKinney, Suite 3700
Houston, Texas 77010
Tel.: (713) 650-9700
Fax: (713) 650-9701

## CERTIFICATE OF SERVICE

I certify that on May 20, 2024, I electronically served all counsel of record by filing this Motion via the Court's CM/ECF system.

*/s/ Michael Davis*
Michael Davis